IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAMONA REZNOR,                          )
                                        )
                 Plaintiff,             )
                                        )
        v.                              ) Civil Action No. 04-208J
                                        )
MICHAEL J. ASTRUE,[1]                   )
COMMISSIONER OF SOCIAL                  )
SECURITY,                               )
                                        )
                 Defendant.             )

MEMORANDUM AND ORDER OF COURT

Presently before the court is plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA") (Document No. 14). For the following reasons, plaintiff's motion will be granted in part and denied in part.

On February 11, 2000, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application and subsequently issued a decision finding that she was not disabled. Plaintiff then filed this action seeking judicial review of that decision. On March 13, 2006, this court issued an opinion and order finding that the ALJ's determination that plaintiff was not disabled was not supported by substantial evidence in the record. The case was

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

remanded to the Commissioner for further development at step 4 of the sequential evaluation process.  Plaintiff's counsel's motion for attorney's fees under the EAJA followed.

Under the EAJA, plaintiff's counsel seeks compensation for 16.55 hours of work at an hourly rate of $151.62[2] for a total of $2,509.32 in attorney's fees.  The Commissioner opposes an award of attorney's fees, arguing that his position in defense of this case was substantially justified, thus plaintiff's counsel is not entitled to attorney's fees under the EAJA.  Alternatively, the Commissioner contends that the number of hours claimed by counsel is unreasonable in certain respects and partly comprised of undertakings which are not compensable under the EAJA.  After close scrutiny of plaintiff's motion and the Commissioner's objections, the court finds that plaintiff's counsel is entitled to an award of attorney's fees under the EAJA; however, a number of entries from counsel's activity ledger for which he is seeking compensation must be reduced.

The EAJA provides that a prevailing party in a civil suit against the federal government shall be awarded attorney's fees if the government's position is not substantially justified, unless special circumstances make the award unjust.  See 28 U.S.C. §

---

[2]The Commissioner does not challenge the requested hourly rate of $151.62 per hour, which is an adjustment to the maximum hourly rate set forth in the EAJA taking into account increases in the cost of living since October 1981.  See Allen v. Bowen, 821 F.2d 963, 967 (3d Cir. 1987); Plaintiff's Brief in Support of Motion for an Award of Attorney's Fees (Document No. 15) at 3.

2412(d)(1)(A).[3]   Thus, a plaintiff can only recover attorney's
fees under the EAJA if the Commissioner is unable to show that its
decision was "substantially justified" both in fact and in law,
and no "special circumstances" make a fee award unjust.  <u>Tressler
v. Heckler</u>, 748 F.2d 146, 149 (3d Cir. 1984).   Since the
Commissioner does not argue that this case involves a "special
circumstance," the only questions before this court are (1)
whether the Commissioner's position was "substantially justified"
to preclude an award of fees, and (2) if fees should be awarded,
whether plaintiff's counsel's fee petition is excessive and
unreasonable.

The Supreme Court has held that the Commissioner meets the
"substantial justification" standard when its position ". . . has
a reasonable basis in law and fact."  <u>Pierce v. Underwood</u>, 487
U.S. 552, 566 n.2 (1988).  Although there is no prescribed per se
rule entitling a plaintiff to an EAJA fee award merely because the
government's legal theory has been rejected, where "the
government's legal position clearly offends established precedent,
... its position cannot be said to be 'substantially justified.'"
<u>Washington v. Heckler</u>, 756 F.2d 959, 961-62 (3d Cir. 1985).

---

[3]Under 28 U.S.C. § 2412(d)(1)(A), "... a court shall award to
a prevailing party other than the United States fees and other
expenses ... incurred by that party in any civil action (other
than cases sounding in tort), including proceedings for judicial
review of agency action, brought by or against the United States
... unless the court finds that the position of the United States
was substantially justified or that special circumstances make an
award unjust."

✎AO 72
(Rev. 8/82)

- 3 -

The court concludes that an award of attorney's fees is appropriate because the ALJ's decision at step 4 was not substantially justified. As set forth in the court's opinion, the ALJ did not adequately explain his step 4 decision, and it was unclear whether the limitation on plaintiff's ability to perform certain postural functions restricted her ability to perform the full range of sedentary work. Given the ALJ's RFC Finding, it was not clear from his decision whether plaintiff's past work, as her residual functional capacity would enable her to perform it, exists in significant numbers in the national economy. The court also noted that the ALJ was required to perform a complete step 4 analysis on remand, which involves 3 sub-steps as set forth in Social Security Ruling 82-62 and as described in <u>Burnett v. Commissioner of Social Security Admin</u>., 220 F.3d 112, 120 (3d Cir. 2000). Thus, the Commissioner's position was not substantially justified because the ALJ's step 4 analysis was incomplete and it did not comply with the regulations and case law.

Having decided to award fees, next we must consider the proper amount to award. When reviewing requests for fees under a fee-shifting statute, district courts have an obligation to reduce the number of hours claimed where they are documented inadequately, an unreasonable amount of time is expended on a particular task, or there is clear duplication of effort. <u>Rode v. Dellarciprete</u>, 892 F.2d 1177, 1183 (3d Cir. 1990) (stating that "[h]ours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.") (<u>citing</u> <u>Hensley v.</u>

<u>Eckerhart</u>, 461 U.S. 424, 433 (1983)).

In this case, the Commissioner first challenges several entries for tasks which he argues are delegated customarily to clerical staff and which should not be compensated at an attorney's hourly rate. Fees under the EAJA are to be based upon the prevailing market rate for the kind and quality of the services rendered. <u>See</u> <u>Williams v. Bowen</u>, 684 F.Supp. 1305, 1307 (E.D.Pa. 1988). Moreover, at least certain aspects of the administrative functions of a law office are subsumed within the hourly rate which an attorney is to be awarded under the EAJA. <u>Id</u>. at 1308.

With these principles in mind, the court has reviewed plaintiff's counsel's activity ledger. The first entry in question is for mailing the appeal (performed on 8/25/04), for which counsel billed .3 hours. The amount of time counsel billed for mailing a document is excessive, and the court will reduce it to .1 hour. Other than counsel briefly reviewing the final copy of the document to be mailed, preparing a document for mailing is a simple task, which can be performed by a paralegal or other clerical staff.

The other tasks in question also included the mailing of various documents (performed on 8/31/04, 9/15/05 and 10/6/04). Counsel's description of these other tasks state: "receipt and review date-stamped documents and mailing of same to Office of Attorney General, Commissioner of Social Security and Civil Process Clerk" for which he billed .4 hours; "mail letters via

✎AO 72
(Rev. 8/82)

certified mail, preparation of affidavit of mailing" for which he billed .5 hours; and "prepare and mail affidavit of mailing" for which he billed .2 hours. All three of these descriptions involve preparation of a form document and/or clerical tasks for which counsel billed a total of 1.1 hours. That amount of time is excessive based on the relative simplicity of the tasks involved. Accordingly, the court finds that a reduction of .5 hours is appropriate, for a total amount of compensable time of .6 hours for those three tasks.

The Commissioner next contests counsel's entries for post-judgment activities for writing letters to the client and disability advocate (performed on 3/20/06 and 4/12/06). Counsel billed .6 hours for those activities. That time cannot be compensated because attorney's fees for work performed after a sentence four remand are not compensable under the EAJA since remand constitutes the final judgment in the case. See Outlaw v. Chater, 921 F.Supp. 13, 16 (D.D.C. 1996).

Finally, the Commissioner disputes the 2 hours counsel billed for preparing his motion for attorney's fees and supporting brief. The court has examined counsel's motion and brief and finds that a reduction is warranted to that entry. The issue addressed by plaintiff's counsel in his brief was not novel or complex. In fact, plaintiff's motion and brief are relatively short documents that appear to be form pleadings. Accordingly, the court will reduce the requested hours from 2 to 1.

Based on the foregoing reductions, the court finds that

plaintiff's counsel is entitled to compensation under the EAJA for 14.25 hours of work at a rate of $151.62 per hour. Accordingly, the court finds that plaintiff's counsel is entitled to a total award of $2,160.59 under the EAJA.

An appropriate order will follow.

## O R D E R

AND NOW, this ___9/h͞day of April, 2007, for the reasons set forth in the memorandum filed this day, IT IS ORDERED that plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA")(Document No. 14) be, and the same hereby is, granted in part and denied in part. Plaintiff's counsel hereby is awarded attorney's fees pursuant to the EAJA in the amount of $2,160.59. The motion is denied in all other respects; and,

IT FURTHER IS ORDERED that the Commissioner shall remit forthwith and without undue delay directly to plaintiff's counsel the $2,160.59 EAJA award.

Gustave Diamond
United States District Judge

cc:   Robert G. Yeatts, Esq.
      Lewis & Ristvey
      689 North Hermitage Road
      P.O. Box 1024
      Hermitage, PA 16148

      John J. Valkovci, Jr.
      Assistant U.S. Attorney
      319 Washington Street
      Room 224, Penn Traffic Building
      Johnstown, PA 15901